IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH SCOTT TAYLOR, AND** | **PLAINTIFF** |
| **ARGONAUT-MIDWEST** | |
| **INSURANCE COMPANY** | **INTERVENING PLAINTIFF** |
| v. | CIVIL NO. 1:11cv314-HSO-JRM |
| **SIDING SOURCE, LLC, et al.** | **DEFENDANT** |

### ORDER DENYING WITHOUT PREJUDICE INTERVENING PLAINTIFF'S PETITION TO ENFORCE SETTLEMENT AGREEMENT AND/OR FOR OTHER RELIEF [64]

BEFORE THE COURT is Intervening Plaintiff Argonaut-Midwest Insurance Company's Petition to Enforce Settlement Agreement and/or for Other Relief [64] filed in this matter on June 26, 2017. Based on Plaintiff Joseph Scott Taylor, Intervening Plaintiff Argonaut-Midwest Insurance Company, and Defendant Siding Source, LLC's settlement of this matter, and in accordance with the Court's prior Order Granting Motion for Approval of Settlement [61], the Court entered an Agreed Judgment of Dismissal [62] on September 20, 2012. Intervening Plaintiff now seeks enforcement of the settlement agreement.

Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 378 (1994). The Supreme Court has explained that a motion to enforce a settlement agreement is essentially a claim for breach of contract,

> part of the consideration for which was dismissal of an earlier federal
> suit. No federal statute makes that connection (if it constitutionally

> could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so . . . . Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Kokkonen*, 511 U.S. at 381–82 (emphasis in original).

By seeking to have the settlement agreement enforced, the Intervening Plaintiff is asserting a new breach of contract claim; however, the Intervening Plaintiff has failed to establish an independent basis for this Court's jurisdiction, e.g., diversity. *See Adam Techs. Int'l S.A. De C.V. v. Sutherland Global Servs.*, 729 F.3d 443, 448 (5th Cir. 2013). The Court lacks jurisdiction to entertain the Intervening Plaintiff's new breach of contract claim.

Further, according to the United States Court of Appeals for the Fifth Circuit, when a dismissal order does not expressly retain jurisdiction with the parties' consent, and does not incorporate or embody the terms of the settlement agreement, a district court does not retain ancillary jurisdiction to enforce the settlement agreement. *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462–64 (5th Cir. 2010). Because the Final Judgment [625] here did neither, the Court is without ancillary jurisdiction to consider Plaintiff's current Petition [64]. *See id.*; *see also Kokkonen*, 511 U.S. at 381–82.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Intervening Plaintiff Argonaut-Midwest Insurance Company's Petition to Enforce Settlement Agreement and/or for Other Relief [64] filed in this matter on June 26, 2017, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 29th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE